FILED

2016 SEP 29 PM 1:58

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JACKIE HOFFMEYER,
Plaintiff,

vs.

Case No.: 6:16cv1718-orl-41TBS
Jury Trial Demanded

ORANGE COUNTY PUBLIC SCHOOLS,
Defendant,

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JACKIE HOFFMEYER, by and through her undersigned counsel, based on personal knowledge and belief, brings this action against Defendant, ORANGE COUNTY PUBLIC SCHOOLS, for violations of federal and state law and in support of her complaint states the following:

### Parties

1. Plaintiff, Jackie Hoffmeyer, is a natural person who lives in Orange County, Florida.

2. Defendant, Orange County Public Schools, is an agency located in Orange County, Florida.

### Jurisdiction and Venue

3. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(a)(4), 2201 and 2202; 42 U.S.C. §§ 12101 *et seq.* and 29 CFR Parts 1630 and 1602, *et seq.*, for actions arising under the Americans with Disabilities Act of 1990, as Amended ("ADA"); 29

U.S.C. § 2617(a), the Family and Medical Leave Act of 1993 ("FMLA"); and, 28 U.S.C. § 1367(a), for Plaintiff's claim under Fla. Stat. § 760.01 *et seq.*, the Florida Civil Rights Act of 1992 ("FCRA").

4. Venue exists in the Middle District of Florida, Orlando Division, pursuant to 28 U.S.C. §1391(a), as all of the events giving rise to this lawsuit occurred in Orange County, Florida.

## Factual Background

5. At all times relevant, Plaintiff was employed by Defendant as an ESE Teacher and Staffing Specialist.

6. At all times relevant, Plaintiff suffered from Fibromyalgia Syndrome.

7. In September of 2014, Plaintiff began experiencing medical problems associated with her condition.

8. On or about September 18, 2014, Plaintiff notified the Defendant and requested, in writing, FMLA leave in the form of intermittent leave and reduced hours.

9. On or about September 29, 2014 Defendant approved Plaintiff's request.

10. Plaintiff from July 1, 2014 to June 30, 2015, Plaintiff had 450 hours of accrued FMLA leave available to her.

11. Between September 29, 2014, and December 1, 2014 Plaintiff used less than 40 hours of her accrued FMLA leave.

12. On or about November 11, 2014, Defendant decided to transition Plaintiff to a part-

time position as an ADA reasonable accommodation.

13. On or about November 18, 2014, Plaintiff expressed concerns about the impact the transition to a part-time position would have on her benefits.

14. On or about November 19, 2014, Plaintiff expressed concerns about the effect the part-time position would have on her health without a significant corresponding reduction in the duties assigned to her.

15. On or about December 1, 2014, Defendant assigned Plaintiff to a part-time position as an ADA accommodation.

16. On or about December 3, 2014, Plaintiff again expressed concerns regarding the impact of the accommodation on her health; and, on the scope of her assigned job duties given her part-time status.

17. On or about January 6, 2015, Plaintiff requested FMLA leave to maintain her full time status while working in the part-time position.

18. On or about January 8, 2015, Defendant denied Plaintiff's request because she was being accommodated under the ADA.

19. On or about January 9, 2015, Plaintiff was placed on two weeks' medical leave by her doctor.

20. On or about January 26, 2015, Plaintiff returned to work from her two week leave.

21. From January 26, 2015, to March 31, 2015, Plaintiff expressed to Defendant concerns

that her job duties had not been sufficiently adjusted to accommodate her new part-time status.

22. From January 26, 2015, to March 31, 2015, Plaintiff's health worsened as a result of stress related to her job.

23. From January 26, 2015, to March 31, 2015, Plaintiff repeatedly informed Defendant that her health was being negatively impacted by the stress related to her job.

24. On or about March 31, 2015, Plaintiff requested a one-month medical leave as a result of her deteriorating health and for outpatient surgery.

25. Plaintiff's medical leave was approved for April 1, 2015 to April 30, 2015.

26. Plaintiff's medical leave was extended from April 30, 2015, to June 5, 2015.

27. On or about May 5, 2016, Plaintiff filed a complaint with the Equal Employment Opportunity Commission.

28. On or about June 5, 2015 Plaintiff retired from her position as a result of her disability.

29. On or about July 5, 2016, Plaintiff received a Notice of Right to Sue from the EEOC.

## Count I: FMLA

30. Plaintiff re-alleges and incorporates Paragraphs 1 through 29.

31. This is an action for interference with the exercise of rights provided under the FMLA.

32. Plaintiff was an eligible employee in that she had a serious medical condition and she was entitled to leave to care for her own serious health condition under the FMLA.

33. Defendant is an "employer" within the meaning of the FMLA.

34. Defendant interfered with and denied the exercise of or attempt to exercise rights provided by the FMLA.

35. Defendant violated Plaintiff's rights under the FMLA by failing to allow her to continue to use her accrued leave while working part-time as a reasonable accommodation under the ADA. 29 CFR 825.702(c).

36. As a result of Defendant's actions, Plaintiff suffered extreme harm, including, but not limited to, denial of wages, compensation and other benefits and conditions of employment. Additionally, Plaintiff has suffered injury including pain, humiliation, mental anguish and suffering.

37. Defendant knowingly and/or recklessly denied Plaintiff her rights under the FMLA.

WHEREFORE, Plaintiff requests that the Court issue a declaratory judgment that the actions taken against Plaintiff by Defendant are in violation of Plaintiff's rights under the FMLA and award plaintiff damages under the FMLA, including but not limited to: loss of pay, loss of benefits, back pay, interest on back pay, attorney fees, expert fees, costs and other compensation such as unpaid medical bills, liquidated damages and such other damages allowed by law.

## Count II: Disability Discrimination in Violation of the ADA and the FCRA[1]

38. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 29.

39. This is an action for disability discrimination under the ADA and the FCRA.

40. Plaintiff was at all times a qualified employee as that term is defined by the ADA and the FCRA.

41. Defendant is an "employer" within the meaning of the ADA and the FCRA.

42. Defendant failed to reasonably accommodate Plaintiff's disability.

43. Defendant failed to meaningfully engage in the interactive process required by the ADA and the FCRA.

44. Defendant's failure to reasonably accommodate Plaintiff's disability and failure to meaningfully engage in an interactive process were violations of the ADA and the FCRA.

45. Defendant knowingly and willfully discriminated against Plaintiff on the basis of her disability in violation of the ADA and the FCRA.

46. As a result of Defendant's actions, Plaintiff suffered extreme harm, including, but not limited to: pain, humiliation, mental anguish and suffering.

---

[1] When reviewing a claim of adverse employment action based on disability discrimination, courts construe the Florida Civil Rights Act of 1992 (FCRA) in accordance with the Americans with Disabilities Act, 42 U.S.C., §12101 et seq. (ADA) and related regulations. See, Wimberly v. Securities Technologies Group, Inc., 866 So. 2d 146 (Fla. 4th DCA 2004).

47. All conditions precedent for bringing suit under the ADA and the FCRA have been satisfied or waived.

WHEREFORE, Plaintiff requests back pay; compensatory damages for humiliation, pain and suffering, embarrassment, and any monetary losses as a result of Defendant's discriminatory treatment of her; declaratory and injunctive relief; any other relief the Court deems just; costs; attorney fees; and interest.

Plaintiff demands a jury trial.

STATE OF FLORIDA
COUNTY OF ORANGE

BEFORE ME, the undersigned authority, duly authorized in the State and County aforesaid to administer oaths and take acknowledgments, this day personally appeared JACKIE HOFFMEYER, who being first duly sworn, deposes and says that she is the Plaintiff herein, and that the allegations in paragraphs 5 – 29 of the above Complaint are true and correct to the best of her knowledge.

_____
Jackie Hoffmeyer

SWORN TO AND SUBSCRIBED before me, the undersigned authority by Jackie Hoffmeyer

This 28th day of September, 2016.

_____
NOTARY PUBLIC
My Commission Expires:



MABEL SILVA
Notary Public - State of Florida
My Comm. Expires Apr 13, 2018
Commission # FF 092001
Bonded Through National Notary Assn.

Dated this 29th day of September, 2016.

                                    Respectfully submitted by:

                                    _____
                                    Joseph Egan, Esquire
                                    FL Bar No. 180102
                                    EGAN, LEV & SIWICA, P.A.
                                    Post Office Box 2231
                                    Orlando, FL 32802
                                    Telephone:  (407) 422-1400
                                    Facsimile:  (407) 422-3658
                                    Primary:  JEgan@eganlev.com
                                    Secondary:  LBrennen@eganlev.com